UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CHARLES ANTHONY WILLIS,              ) | |
| ) | |
| Plaintiff,                           ) | |
| ) | |
| v.                                   ) | Case No. CV412-209 |
| ) | |
| VICKIE BROWN, Deputy Warden;         ) | |
| LT. LOYD; Member of Classification   ) | |
| Committee; Et Al.; Individually and  ) | |
| Official Capacity,                   ) | |
| ) | |
| Defendants.                          ) | |

## REPORT AND RECOMMENDATION

In this inmate civil rights case removed from state court, the defendants move to dismiss pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1915(g). Doc. 7. Some background: In *Willis v. Tompkins*, CV608-030 (S.D. Ga. June 2, 2008), this Court dismissed a previous 42 U.S.C § 1983 suit filed by Charles Anthony Willis because he lied to the Court to avoid the "three-striker" sanction of 28 U.S.C. § 1915(g), which generally prohibits new civil actions by prisoners who have previously filed 3 or more lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim. Willis took no appeal. And in fact, he had

already struck out by 2005. *See Willis v. DeVooght*, CV204-171, doc. 6 at 3 n. 1 (S.D. Ga. Jan. 4, 2005).

Evidently thinking he could circumnavigate the § 1915(g) roadblock, Willis filed this 42 U.S.C. § 1983 action in state court against his current jailers.[1] Doc. 1-1. But he then lied to that court by checking "no" as to a question inquiring whether he had brought any "other lawsuits in federal or state courts . . . relating to [his] imprisonment." Doc. 1-1- at 5. And he did so "under penalty of perjury." *Id.* at 8. As the defendants pointed out, he had filed over a dozen cases with this Court, including the *Tompkins* case illuminating the fact that he had lied to this Court. Doc. 7 at 2 n. 1. They thus asked this Court to dismiss his case for *again* lying, this time to the state court, and by extension (since all federal-question claimants are on notice of the removal possibility) this Court. Doc. 7 at 7-8.

Defendants also sought dismissal under § 1915(g). *Id.* at 8. The Court passed on that for lack of clear legal authority. Doc. 16, *reported*

---

[1] He alleges that while he was a prisoner at the Effingham County Jail, he was sent to work at an animal shelter. He was bitten by a feral cat, given a tetanus shot, and then sent back to work. Doc. 1-1 at 7. He sues for "breach of contract" and asserts that "LT Loyd ordered me to continue working with a willful and deliberate indifference." Doc. 1-1 at 11. His case unmistakably relates to his imprisonment.
2

*at* 2012 WL 5378731 at * 1-2.  But since there exists clear authority for dismissing a case perched on a lie, *id.*, 2012 WL 5378731 at * 2 (citing *Kelly v. (PHS) Prison Health Serv. Chatham County Det. Center (Etc.)*, 2010 WL 3667027 at * 2 (S.D. Ga. Sep. 15, 2010), and *Gay v. Chandra*, 682 F.3d 590, 596 (7th Cir. 2012)), the Court told Willis to show why his case should not be dismissed on those grounds.  Doc. 16.

In response, Willis filed "Plaintiff's Motion For Objections to the Magistrate Judge's Report and Recommendation."  Doc. 19.  Of course, there was no Report and Recommendation, just a show-cause order.  In it he states, as his first "Objection," that he checked "no" because he "has not filed this complaint or claims in no other Courts in this action or related to my imprisonment."  Doc. 19 at 1.  The record shows that yes, he did file plenty of cases -- and in this Court -- related to his imprisonment.  Now he simply assaults reality by claiming otherwise.  The rest of his "Objections" are baseless, as is his motion for sanctions, doc. 16, which is **DENIED**.

Charles Anthony Willis, a 1915(g) three-striker, has once again lied to a judicial tribunal.  Accordingly, his case should be dismissed for abusing the judicial process.  *See Morefield v. DuPree*, CV607–054, 2008

3

WL 5100926 at * 3 (S.D.Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, CV106–184, 2007 WL 842020 at *1 (S.D. Ga. Mar.15, 2007) (same).

**SO REPORTED AND RECOMMENDED** this 3rd day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA